# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **LEONARD SMITH,** | ) | **CASE NO. 1:17 CV 1701** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **STATE OF OHIO,** | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Leonard Smith filed a "Habeas Corpus Motion to Dismiss Order Prisoner Release Civil Rights Violations" action against the State of Ohio. In the Pleading (Doc. # 1), Plaintiff asserts the State of Ohio has over-indicted him, and charged him with multiple offenses without foundation. He contends this is a violation of his civil rights. He alleges the State is slandering him with wrongful gun charges causing his bond to be unreasonable and resulting in his continued detention. He asks this Court to order the Cuyahoga County Court of Common Pleas to release him and dismiss all charges pending against him.

It is not clear from the pleading whether Plaintiff intended to file a civil rights action or a Petition for a Writ of Habeas Corpus. To the extent he intended to proceed under 42 U.S.C. § 1983, this case must be dismissed. A District Court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court concludes that the Complaint fails to state a claim upon which relief may

be granted, or if the Plaintiff seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the District Court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

Because the criminal charges against him are still pending, this Court must abstain from hearing challenges to the state court proceedings. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances

are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state Defendant files such a case, Younger abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

Plaintiff's criminal case is still pending and state court criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a Plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15.

Here, there has been no showing that the claims asserted by Plaintiff in this federal lawsuit are barred in the state action. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state court criminal action against the Plaintiff.

To the extent Plaintiff intended for this case to be a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, it also must be dismissed. Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief on claims by a state pre-trial detainee if he is in custody in violation of the Constitution or laws or treaties of the United States. *Phillips v. Hamilton Cnty. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012). Unlike exhaustion under 28 U.S.C. § 2254, exhaustion under § 2241 is not a statutory requirement. Compare 28 U.S.C. § 2254(b)(1)(A), with id. § 2241. Notwithstanding, the Sixth Circuit has recognized that, "in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'" *Phillips*, 668 F.3d at 810 n. 4 (quoting *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir.1976)). Therefore, even Petitioners proceeding under § 2241 "must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." *Phillips*, 668 F.3d at 810 (citing *Klein v. Leis*, 548 F.3d 425, 429 n. 2 (6th Cir. 2008)). The requirement of exhaustion "has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (citations omitted). Petitioner does not allege he exhausted his state court remedies. He therefore cannot bypass the state courts and proceed to federal court on a § 2241 Petition.

## IV.  CONCLUSION

Accordingly, this action is **DISMISSED**.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

             *s/Dan Aaron Polster*   *12/21/2017*
             **DAN AARON POLSTER**
             **UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.